IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:18-CR-37-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CHARLES ANTHONY WALKER, JR. | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to suppress certain evidence allegedly obtained in violation of the Fourth Amendment to the United States Constitution. (DE 242). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that defendant's motion be denied. (DE 316). Defendant timely objected to the M&R, and the government responded. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is denied.

**STATEMENT OF THE CASE**

Indictment filed December 4, 2018, charges defendant with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; two counts of robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2; and using and carrying firearms during and in relation to a crime of violence, possession of firearms in furtherance of a crime of violence, and aiding and abetting, in violation of 18 U.S.C. § 924(c) and 2. The indictment describes the

charges arising from an armed robbery of a Kay Jewelers store in Elizabeth City, North Carolina, on July 28, 2018, and a Kay Jewelers store in Garner, North Carolina, on October 11, 2018.

Defendant filed the instant motion December 18, 2019, seeking suppression and exclusion of all evidence obtained November 29, 2018, pursuant to a warrant authorizing search of an Infiniti G37 motor vehicle registered to defendant, allegedly in violation of the Fourth Amendment to the United States Constitution. In support of the motion, defendant relies upon the following documents: 1) application for a search warrant, dated November 19, 2018, with affidavit in support thereof by special agent Daniel J. Robertson ("Robertson"), Federal Bureau of Investigation ("FBI"); 2) search and seizure warrant issued by this court on November 19, 2018, with warrant return listing items seized; and 3) search warrant issued by Wake County Superior Court on October 31, 2018.

The government responded in opposition to the instant motion on January 7, 2020, relying upon the Robertson affidavit. After briefing completed on the motion to suppress, the court allowed defendant's prior counsel to withdraw, and defendant's current counsel entered an appearance on January 27, 2020. After granting two motions for extension of time upon defendant's motions, the court held hearing on the motion to suppress on May 11, 2020, at which the court heard testimony of Robertson.[1]

---

[1] Prior to filing the instant motion, defendant filed an unrelated pro se motion to remove mail, phone, and visit restrictions placed upon him while detained, clarified by motion to vacate special administrative measures (DE 129), on May 14, 2019, and a June 12, 2019, motion (DE 136), to rescind protective order entered May 21, 2019. On September 13, 2019, the court denied defendant's motion to vacate restrictions placed on his communications and allowed defendant's motion to modified protective order such that defendant can possess his discovery material but not send it to others. On May 7, 2020, the court denied defendant's motion for reconsideration of the court's September 13, 2019, order. Defendant filed a pro se notice of interlocutory appeal of the court's May 7, 2020, order, and that appeal remains pending under court of appeals case number 20-4294.

On May 15, 2020, the magistrate judge entered M&R recommending that the instant motion be denied. Defendant filed objections on May 28, 2020, and the government responded on June 3, 2020.[2]

### STATEMENT OF FACTS

The court incorporates herein for ease of reference the facts set forth in the M&R.

On November 19, 2018, Special Agent Robertson completed an application for a warrant to search an Infiniti 037 vehicle with NC license plate number FHV-5325. [DE-243-1] at 1. In the accompanying affidavit, Special Agent Robertson wrote that Walker and his co-defendants conspired to commit armed robberies of two Kay Jewelers. Id. at 3. One robbery occurred on July 28, 2018 in Elizabeth City, NC, and the other occurred on October 11, 2018 in Garner, NC. Id. Special Agent Robertson asserts that the vehicle, a grey four-door sedan with tinted windows, was used in preparation for and commission of the October 11 robbery. Id. at 4.

On October 7, 2018, four days before the robbery, an employee at a Verizon store near the Kay Jewelers noticed the vehicle acting suspiciously in the parking lot. Id. at 5. The employee suspected that the vehicle was casing the Verizon store, so he sent photographs of the vehicle to police. Id. The license plate was visible in the photographs, and police identified Defendant as the registered owner of the car. Id. at 6.

On the day of the robbery, video surveillance cameras from several nearby stores captured the suspects leaving the Kay Jewelers at 4:03 p.m. Id. at 6. One of the suspects dropped a gun while fleeing, stopped, and ran back to retrieve the gun. Id. at 7. The suspects were recorded getting into a silver four-door sedan with tinted windows. Id. At 4:04 p.m., a camera recorded a silver four-door sedan with tinted windows driving much faster than other vehicles in the area; it made two left turns without stopping at stop signs and left the area. Id. at 6-7. Police believed that the vehicle depicted in the surveillance footage is the Infiniti that is the subject of the search warrant. Id.

Special Agent Robertson's affidavit further states that cell site data from the towers in the vicinity of the Kay Jewelers indicated that the phone number 336-470-4796 (hereinafter referred to as "x4796") was in the area at the approximate time of the robbery. Id. at 7. The phone number was also in contact with a number believed to belong to Christopher Wellington Brown, a robbery suspect, at the time of the robbery. Id at 11. The affidavit alleges that x4796 is associated with the vehicle in several ways. Id. at 7-11. First, a Car Fax report indicates that

---

[2] In the meantime, on June 6, 2020, the court granted defendant leave to file a second motion to suppress, on or before June 15, 2020. That motion, if any, will be addressed by separate order.

maintenance was performed on the vehicle in September and October 2018, and x4 796 was left as a contact number on both occasions. Id at 7-8. Additionally, in a recorded jail phone call between Tomika Lloyd, who was then an inmate at the Guilford County Jail, and x4796, Ms. Lloyd refers to the caller-as "Preme." Id at 9. "Preme" is Walker's alias, and Walker is the registered owner of the car. Id Additionally, during one phone call, Walker states that he is with Malik, who is believed to be Malik Shawn Maynard, one of the robbery suspects. Id. Walker also states that he is on his way to New York and says "instant replay," to which Ms. Lloyd responds, "say less." Id.

On October 13, 2018, two days after the robbery, license plate readers in New York City captured the vehicle entering the city at 4: 16 p.m. and leaving at 9:31 p.m. Id. at 9-10. The vehicle was parked in the Diamond District at 6: 11 p.m. Id at 10. The affidavit concludes that the vehicle was used in preparation for and commission of the October 11 robbery, and there is probable cause to believe it was used to transport· proceeds of the robbery to New York. Id. at 11. Special Agent Robertson states that Walker may use the vehicle to store evidence of the crime. Id.

On November 19, 2018, United States Magistrate Judge Kimberly Swank signed a warrant authorizing a search of the vehicle. [DE-243-2] at 1. The search was executed on November 29, 2018, and officers seized a DEA Special Agent badge, a New Jersey turnpike ticket, glasses, and five cell phones from the car. Id. at 2.

(M&R (DE 316) at 1-3).

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or

4

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

Defendant objects to the magistrate judge's finding that the search warrant for his vehicle was supported by probable cause, and alternative finding that the good faith exception applies to the instant action.

The Fourth Amendment to the United States Constitution secures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "This fundamental right is preserved by a requirement that searches be conducted pursuant to a warrant issued by an independent judicial officer." United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004) (quoting California v. Carney, 471 U.S. 386, 390 (1985)). Additionally, to be valid, a search warrant must "contain a particular description of the place to be searched, and the persons or things to be seized" and "be based upon probable cause, supported by Oath or affirmation." United States v. Clyburn, 24 F.3d 613, 617 (4th Cir. 1994) (citing Dalia v. United States, 441 U.S. 238, 255 (1979)).

"The probable cause standard is not defined by bright lines and rigid boundaries." United States v. Williams, 974 F.2d 480, 481 (4th Cir. 1992). Rather, "the standard allows a magistrate to review the facts and circumstances as a whole and make a commonsense determination of whether 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" Id. (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). Indeed, "the facts presented to the magistrate need only 'warrant a man of reasonable caution' to believe that evidence of a crime will be found." Id. (quoting Texas v. Brown, 460 U.S. 730, 742 (1983)). This

5

standard "does not demand showing that such a belief be correct or more likely true than false." Id.

When reviewing a magistrate's probable cause determination, "[the court's] inquiry is directed to whether the magistrate had a substantial basis for his conclusion that probable cause existed." Id. In conducting this inquiry, "[the court] must accord great deference to the magistrate's assessment of the facts presented to him." United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990). Additionally, "the reviewing court must consider only the information presented to the magistrate who issued the warrant." United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). Importantly, "reviewing courts must resist the temptation to 'invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner.'" Blackwood, 913 F.2d at 142 (quoting Gates, 462 U.S. at 236).

Defendant objects to the finding in the M&R that there are sufficient facts to establish a nexus between the silver vehicle referenced in the warrant affidavit and defendant's Infiniti G37. There is, however, ample evidence in the record reasonably to draw this connection. First, a car matching the description of defendant's car was observed moving suspiciously in the area of the Kay Jewelers, in Garner, four days before the robbery, with a license plate match to defendant. (Robertson Aff. (DE 243-1) ¶¶ 12-13). Second, a car similar to defendant's car was seen on surveillance video around the time of the charged robbery on October 11, 2018, driving erratically. (Id. ¶ 14). Third, cell cite information contributed to locating defendant and defendant's car around the time of the robbery. (Id. ¶¶ 15-18, 20). Fifth, defendant's car was seen on surveillance video in New York's "Diamond District" two days after the robbery, corroborated by phone records. (Id. ¶¶ 18-19). These facts, in combination provide a commonsense basis for a nexus between the silver vehicle referenced in the warrant affidavit and defendant's Infiniti G37.

6

Defendant also argues that there is insufficient evidence to show the defendant's cell phone is in any way connected to the robbery because "in the area" does not sufficiently narrow down the location of the cell phone. (Def's Obj. (DE 322) ¶ 8). But, the cell phone evidence referenced in the Robertson affidavit is used to corroborate the other evidence establishing a nexus between defendant's alleged criminal conduct and the Infiniti G37. (See id. ¶¶ 10, 15-18, 20). The affidavit does not purport to rely upon the cell phone evidence alone to pinpoint defendant's location but rather to establish his general movements, consistent with other evidence in the record, such as the location of the suspect vehicle and surveillance records. (See id. ¶¶ 10-22).

Under a commonsense approach to probable cause, taking into account the totality of the circumstances, the foregoing evidence is sufficient to support issuance of the search warrant. Therefore, defendant's objections must be overruled, and defendant's motion to suppress must be denied.[3]

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the M&R (DE 316) and DENIES defendant's motion to suppress. (DE 242).

SO ORDERED, this the 4th day of June, 2020.

LOUISE W. FLANAGAN
United States District Judge

---

[3] In the alternative, the court also adopts upon de novo review the alternative analysis in the M&R applying good faith exception to the exclusionary rule, under the circumstances presented. (See M&R (DE 316) at 7-8).