IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:18-CR-37-FL-1
NO. 2:23-CV-64-FL

| | | |
|---|---|---|
| CHARLES ANTHONY WALKER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 590), and the government's motion to dismiss (DE 594). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Criminal Procedure 59(b), United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), wherein it is recommended that petitioner's motion be denied, and the government's motion be granted (DE 631). Petitioner filed objections to the M&R and supplements thereto. Also pending are petitioner's motions for court to intervene in miscarriage of justice, for evidentiary hearing, and for appointment of counsel. (DE 639, 641, 644). In this posture, the issues raised are ripe for ruling. For the following reasons, petitioner's motions are denied and the government's motion is granted.

**BACKGROUND**

The court incorporates herein the procedural history set forth in the M&R as background for the court's resolution of the instant motions:

On November 19, 2018, Petitioner was charged in a criminal complaint with Hobbs Act robbery of a jewelry store in Elizabeth City, North Carolina on July 28, 2018, in violation of 18 U.S.C. § 1951, and with aiding and abetting said robbery, in violation of 18 U.S.C. § 2. (Compl. [DE #1].)

On December 4, 2018, Petitioner, along with four co-defendants, was charged in a five-count indictment with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, with an offense date range of July 28, 2018, through October 11, 2018 (count one); Hobbs Act robbery, and aiding and abetting, of a Kay Jewelers store in Elizabeth City, North Carolina, on July 28, 2018, in violation of 18 U.S.C. §§ 2, 1951 (count two); brandishing a firearm in furtherance of a crime of violence on July 28, 2018, and aiding and abetting, with the crime of violence being the Hobbs Act robbery specified in count two, in violation of 18 U.S.C. §§ 2, 924(c) (count three); and Hobbs Act robbery, and aiding and abetting, of a Kay Jewelers store in Garner, North Carolina, on October 11, 2018, in violation of 18 U.S.C. §§ 2, 1951 (count four). (Indictment [DE #14].) Petitioner was not charged in count five of this indictment.

On August 12, 2020, Petitioner alone was charged in a five-count superseding indictment. (Superseding Indictment [DE #340].) Counts one through four of the superseding indictment mirrored counts one through four of the original indictment, but count five charged Petitioner with witness tampering, and aiding and abetting, from January 17, 2020, through March 30, 2020, in violation of 18 U.S.C. §§ 2, 1512(b). (Superseding Indictment.)

After a five-day trial, the jury found Petitioner guilty of each count. (Jury Verdict [DE #417].) The court sentenced Petitioner to concurrent terms of 327 months' imprisonment on counts one, two, four, and five, and a consecutive term of 84 months' imprisonment on count three, producing a total imprisonment term of 411 months. (J. [DE #454]; Am. J. [DE #529] (amended to correct a clerical mistake pursuant to Fed. R. Crim. P. 36).) Petitioner appealed, and the Fourth Circuit affirmed. United States v. Walker, 32 F.4th 377 (4th Cir. 2022), cert. denied, 143 S. Ct. 450 (Nov. 21, 2022). . . .

As Petitioner alleges numerous claims of ineffective assistance of counsel ("IAC") and was represented by four trial attorneys, a summary of Petitioner's representation history is provided to better understand the IAC claims.

Petitioner was first represented by Assistant Federal Public Defender Lauren Brennan, who was allowed to withdraw due to a breakdown in the attorney-client relationship. (Pet'r's Pro Se Mot. Appoint New Counsel [DE #103]; Mot. Withdraw [DE #104]; 4/12/2019 Order [DE #108]; 1/16/2020 Order [DE #263] at 1.)

Attorney Kelly Greene was appointed to represent Petitioner on or about April 17, 2019. (Notice Appearance [DE #114].) Attorney Greene litigated the

2

"special administrative measures" and discovery protective order that were imposed on Petitioner during his pretrial detention. (Mot. Vacate Special Admin. Measure [DE #129]; Mot. Rescind Prot. Order [DE #136]; 6/18/2019 Hr'g Tr. [DE #146].) Attorney Greene moved to withdraw after Petitioner filed a letter stating he did not trust Greene and believed Greene was working with the Government. Following a hearing on October 7, 2019, Attorney Greene was allowed to withdraw. (Pet'r's Pro Se Letter filed 9/26/2019 [DE #206]; Mot. Withdraw [DE #207]; 10/7/2019 Oral Order Granting Mot. Withdraw.)

On October 8, 2019, Attorney Kimberly Moore was appointed to represent Petitioner. (Notice Appearance [DE #209].) Attorney Moore filed a motion to suppress evidence obtained from a search warrant issued for Petitioner's automobile. (Mot. Suppress [DE #242]; Mem. Supp. Mot. Suppress [DE #243].) On December 30, 2019, Attorney Moore filed a motion to withdraw after Petitioner filed a letter claiming that Moore was ineffective and that he wanted new counsel. (Mot. Withdraw [DE #247]; 1/8/2020 Status Report [DE #258]; Pet'r's Pro Se Letter filed 1/8/2020 [DE #259]; Pet'r's Pro Se Mot. Appointment Counsel Outside E.D.N.C. [DE #260].) Following a hearing on Attorney Moore's motion, the court indicated it "ha[d] little confidence that the appointment of a new lawyer will address all of [Petitioner's] concerns," which included "counsel's failure to file pretrial motions addressing issues [Petitioner] believes are of paramount importance." (1/16/2020 Order at 3.) "Nevertheless, given the animosity expressed by [Petitioner] toward Moore at the hearing and Moore's statement that their meetings had become contentious," the court found an irreparable breakdown in the attorney-client relationship and granted Moore's motion to withdraw. (Id. at 4.) In doing so, the court reminded Petitioner that while he is entitled to competent court-appointed counsel, he is not entitled to counsel of his choice at government expense and cautioned Petitioner that "dissatisfaction with new counsel will not likely result in the appoint[ment] of a fifth attorney absent [Petitioner] demonstrating new grounds not previously asserted. (Id.)

Attorney H.P. Williams then represented Petitioner. (Notice Appearance [DE #264].) Attorney Williams moved for reconsideration of the special administrative measures imposed upon Petitioner. (Mot. Reconsideration [DE #301]; 5/7/2020 Order [DE #309].) Attorney Williams also represented Petitioner during an evidentiary hearing regarding the suppression motion that Attorney Moore had filed and filed objections to United States Magistrate Judge Robert B. Jones, Jr.'s memorandum and recommendation that the suppression motion be denied. (M. & R. [DE #316]; Pet'r's Objs. M. & R. [DE #322]; 5/11/2020 Suppression Hr'g Tr. [DE #323]; 6/4/2020 Order Mot. Suppress [DE #328].) Attorney Williams also obtained leave of court to file a second suppression motion, which was ultimately denied. (Mot. Leave File 2d Mot. Suppress [DE #324]; 2d Mot. Suppress [DE #331]; 7/20/2020 Order 2d Mot. Suppress [DE #335].)

Petitioner filed a pro se motion to appoint new counsel and have Attorney Williams removed, which the court denied on July 20, 2020. (Pet'r's Pro Se Mot.

Appoint New Counsel [DE #334]; 7/20/2020 Order Pet'r's Pro Se Mot. Appoint New Counsel [DE #336].)

After arraignment on the superseding indictment but before trial, Petitioner again filed a pro se motion to appoint new counsel, which was denied. (Pet'r's 2d Pro Se Mot. Appoint New Counsel [DE #377]; 11/2/2020 Order Pet'r's 2d Pro Se Mot. Appoint New Counsel [DE #378].)

Attorney Williams represented Petitioner at trial. Before sentencing, Attorney Williams moved to withdraw at the request of Petitioner and based upon a complete breakdown of communication and trust. (Mot. Withdraw [DE #429].) The court denied the motion. (1/29/2021 Order Mot. Withdraw [DE #430].) Attorney Williams filed lengthy objections to the draft Presentence Report (Pet'r's Objs. Presentence Report [DE #443]); represented Petitioner at the sentencing hearing (Sentencing Hr'g Tr. [DE #473]); and filed a notice of appeal (Notice Appeal [DE #458]).

Attorneys Amos Tyndall and Thomas Maher represented Petitioner on appeal. United States v. Walker, No. 21-4088, ECF Nos. 6 (4th Cir. Mar. 5, 2021 Order Appointing Tyndall), 57 (4th Cir. Dec. 15, 2021 Maher Notice Appearance); Walker, 32 F.4th at 381; (Mot. Vacate at 11).

(M&R (DE 631) 2–6 (footnotes omitted)).

Petitioner filed the instant motion to vacate, November 20, 2023, relying upon his own affidavits, declarations regarding his attorneys, and photographs. Petitioner raises 11 grounds for relief summarized as follows in the M&R:

(1) IAC [ineffective assistance of counsel] by each of the four trial attorneys who represented Petitioner and by the attorney who represented Petitioner on direct appeal. (Mot. Vacate at 5.) Petitioner alleges that each attorney failed to subject the Government's case to "true adversarial testing," by, among other things, failing to investigate "the facts of issues" Petitioner presented to these attorneys and failing to file motions litigating these issues as directed by Petitioner. (Id.) Petitioner alleges appellate counsel was ineffective for failing to raise "some of the issues" in Petitioner's motion to vacate. (Id.)

(2) IAC by trial counsel for failing to challenge the special administrative measures imposed on Petitioner while in pretrial detention. Petitioner claims this prevented him from assisting in his defense and from "contact[ing] outside relatives that could have been a witness in trial or any other proceeding that required an alibi witness." (Mot. Vacate at 6.) Petitioner also claims appellate counsel was ineffective for failing to raise this issue on direct appeal. (Id. at 7.)

4

(3) IAC by trial counsel for failing to investigate whether the conspiracy to commit Hobbs Act robbery charge would be a crime of violence in light of United States v. Davis, 588 U.S. 445 (2019), and whether the Hobbs Act robbery and aiding and abetting charges in counts two and four are crimes of violence for purposes of § 924(c). (Mot. Vacate at 8.) Petitioner also claims appellate counsel was ineffective for failing to raise this issue on direct appeal. (Id.)

(4) IAC by Attorneys Greene and Williams for failing to object to the jury instructions, which Petitioner claims were erroneous. (Mot. Vacate at 9.) Petitioner also claims appellate counsel was ineffective for failing to raise this issue on direct appeal. (Mot. Vacate at 12.)

(5) IAC by Attorney Williams for failing to object at trial to unduly prejudicial statements regarding Petitioner's character, specifically co-defendant Christopher Brown's testimony regarding Jasmine Partridge. (Mot. Vacate at 12.)

(6) Prosecutorial misconduct due to the Government's failure to provide timely notice of its intent to introduce certain evidence and IAC by trial counsel for failing to investigate the evidence. (Mot. Vacate at 13–14.) Petitioner also claims appellate counsel was ineffective for failing to raise this issue on direct appeal. (Id. at 13.)

(7) IAC by Attorney Williams for failing to seek suppression of (a) the testimony of cooperating codefendants on the ground their testimony was procured by promises of leniency in their plea agreements, which constitute bribes in violation of 18 U.S.C. § 201(c)(2) (Mot. Vacate at 15; Mem. Supp. Mot. Vacate at 10–19 (citing United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998))); and (b) cell-site location information and related witness testimony (Mem. Supp. Mot. Vacate at 19–20).

(8) Petitioner is entitled to relief from his § 924(c) conviction on the basis of United States v. Taylor, 596 U.S. 845 (2022), because the predicate convictions for his § 924(c) conviction are invalid. (Mot. Vacate at 17; Mem. Supp. Mot. Vacate at 21–26.)

(9) IAC by Attorney Williams for failing to (a) object to the 924(c) aiding and abetting jury instruction on the ground it did not require the jury to find Petitioner had advance knowledge that one of the robbers was armed, as required by Rosemond v. United States, 572 U.S. 65 (2014); and (b) argue that count three was duplicitous because it charged both "using and carrying a firearm" and "possessing a firearm" in connection with a crime of violence. (Mot. Vacate at 19; Mem. Supp. Mot. Vacate at 27–33.)

(10) IAC by Attorney Williams for failing to argue in his Fed. R. Crim. P. 29 motion to acquit that a "prop gun" is insufficient to sustain a conviction under § 924(c). (Mot. Vacate at 20; Mem. Supp. Mot. Vacate at 34–35.)

(11) IAC by trial and appellate counsel for failing to argue (a) that the special administrative measures imposed upon Petitioner during pretrial detention

5

> constituted prosecutorial misconduct that violated Petitioner's right to a fair trial; and (b) that Judge Jones' determination that the rules of evidence did not apply to the hearing on the pretrial restrictions was erroneous and unconstitutionally hampered Petitioner's ability to assist in his defense. (Mot. Vacate at 21; Mem. Supp. Mot. Vacate at 36–43.)[1]

(M&R (DE 631) 6-9).

The government filed the instant motion to dismiss December 22, 2023, seeking dismissal of petitioner's claims on the following grounds: 1) many of petitioner's claims were litigated and resolved on direct review, and therefore cannot be relitigated on collateral review, 2) claims of ineffective assistance and prosecutorial conduct are without merit, 3) claim that United States v. Taylor, 596 U.S. 845 (2022), impacts his sentence is incorrect.

In the M&R, entered September 25, 2024, it is recommended that petitioner's claims be dismissed for failure to state a claim, due to procedural default and on the merits. The court therein also denied petitioner's motion for an evidentiary hearing and motion to compel counsel Williams to surrender his case file.

Petitioner initially filed objections to the M&R October 16, 2024, but he also sought on October 28, 2024, an extension of time to respond due to a change in his prison location. Petitioner then filed the instant motions seeking court intervention, evidentiary hearing, and assistance of counsel, on November 27, 2024, December 16, 2024, and January 24, 2025.

Petitioner filed February 3, 2025, a motion to compel the government to address a failure by the prison to return personal property to petitioner, including legal papers related to petitioner's currently pending 28 U.S.C. § 2255 motion. Petitioner also filed motions and correspondence in part concerning his prison placement, access to personal property for purposes of filing a further

---

[1] According to the M&R: "In his motion to vacate, Petitioner alleges a twelfth ground for relief as outrageous prosecutorial misconduct, relating to false reports from prosecutors resulting in the special pretrial restrictions imposed upon Petitioner. (Mot. Vacate at 22–23.) As this ground overlaps Ground 11 and Petitioner does not otherwise develop it in his supporting memorandum as a separate and distinct ground for relief, the undersigned considers it in connection with Ground 11." (M&R (DE 631) at 9 n. 9).

response in support of his § 2255 motion, and health conditions. (See DE 639 at 4; DE 640 at 4-5; DE 641 at 9; DE 646 at 1-15). Insofar as petitioner sought an extension of time to file a further response in support of his § 2255 motion, the court allowed petitioner an extension of time to March 4, 2025, to file supplemental objections, if any. In remaining respects, the court determined it lacked a basis in the context of the instant post-conviction matter to order the relief requested, and the court directed the clerk to enclose forms for bringing a civil action regarding his personal property or other action for injunctive relief. (February 4, 2025, Order (DE 648) at 1-2). Following additional filing by petitioner, the court allowed petitioner a further extension of time to April 14, 2025 to file a supplement to his objections. (February 25, 2025, Order (DE 650) at 1).

On that date, petitioner filed the a supplement to his objections to the M&R, accompanied by personal affidavits. (DE 664, 665, 666).

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

In addressing the reasons for dismissal of the instant § 2255 motion, the magistrate judge thoroughly and cogently determined that petitioner's claims for ineffective assistance of counsel lack merit in light of the record and the circumstances of this case. See Strickland v. Washington, 466 U.S. 668, 678–88 (1984). The magistrate judge also correctly determined that petitioner's claims for prosecutorial misconduct and other claims of legal error are procedurally defaulted and without merit. See Massaro v. United States, 538 U.S. 500, 504 (2003). Upon de novo review of the claims asserted, petitioner's objections, and the record in this case, the court adopts the findings and recommendation in the M&R. The court writes separately to augment the analysis of the M&R with respect to issues raised in petitioner's objections and in his post-M&R motions.

1.  Motion to Appoint Counsel

Petitioner moves for appointment of counsel on the basis that he has presented serious constitutional claims that entitle him to immediate release. (See DE 641 at 1-2). Petitioner does not have a constitutional right to appointment of counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Appointment of counsel may be authorized if the "court determines that the interests of justice so require . . . for any financially eligible person who . . . is seeking relief under section 2255 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B). Here, petitioner has not established the interests of justice require appointment of counsel. Petitioner has demonstrated he is capable of arguing his claims for relief, and appointment of counsel is not warranted where petitioner's claims may be resolved as a matter of law as set forth herein. Therefore, that part of petitioner's motion seeking appointment of counsel is denied.

2. Objections

In his objections, petitioner complains of the prosecutors' actions in allegedly filing "false report[s]" to get special administrative measures in place during his pretrial detention. (Supp. Obj. (DE 664) at 23-34; see Obj. (DE 632) at 14-18; Aff. (DE 666) at 7-9).[2] This claim is procedurally defaulted where such special administrative measures already were challenged repeatedly by counsel before trial. (See, e.g., DE 129, 136, 146, 301); see Massaro, 538 U.S. at 504. The claim couched as one for ineffective assistance of counsel also fails on the merits because petitioner has not shown counsel's arguments already made fell below reasonable representation, nor that there is a reasonable probability the outcome would have been different with arguments now advanced by petitioner. See Strickland, 466 U.S. at 687-88, 694. Petitioner argues, for example, that special administrative measures should not have applied to him, as a pretrial detainee, pursuant to Bell v. Wolfish, 441 U.S. 520, 535 (1979). Petitioner's counsel, however, made this same argument, citing the same case, (DE 129 at 6), and this court modified restrictions in its September 13, 2019, order. (DE 201 at 24).

Petitioner argues his trial counsel was ineffective for failing to raise multiple arguments and objections along the lines that he suggests in his motion and objections. (Obj. (DE 632) at 19-28). Petitioner also claims appellate counsel was ineffective in failing to raise all arguments that petitioner suggested to him, which are now reflected in his post-conviction claims. (Id. at 21, 31; see Supp. Obj. (DE 664) at 46-50). Petitioner has not demonstrated, however, that any of his suggested arguments and objections have merit under the circumstances of this case, nor that there is a reasonable probability of a different outcome if they had been made. Strickland, 466 U.S. at

---

[2] In all citations to documents in the record, page numbers are those supplied by the court's electronic case filing (ECF) system and not the page number, if any, showing on the face of the document cited.

687-88, 694. Moreover, regarding appellate counsel, "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). Petitioner has not met this standard with any of his claims, particularly in light of the fact that appellate counsel successfully argued that the district court erred on two evidentiary issues, but still did not prevail on appeal due to the "overwhelming" evidence against petitioner. Walker, 32 F.4th at 396. For example, petitioner contends he told appellate counsel to "raise erroneous jury instructions," "U.S. v. Davis," and "flawed indictment," (Supp. Obj. (DE 664) at 50), but all such claims lack merit for the reasons set forth in the M&R. (M&R (DE 631) at 13-15, 18-20, 24-32).

Petitioner argues that trial counsel was ineffective for failing to call "alibi witnesses" at trial. (Obj. (DE 632) at 33). The allegations that petitioner makes about such witnesses, however, are conclusory. For example, petitioner lists the following as potential witnesses:

1. Sincere Automotive Center in Greensboro, NC
2. Parole officer Kevin Gibson Greensboro, NC
3. Edgecombe County, Alamance County, and Albemarle district jail officials
4. State Farm Insurance agent of Wilson, NC
5. Kay Jewelers C.E.O.
6. State Trooper Highway Patrol dispatcher
7. F.B.I. Director Christopher Wray
8. Jasmine Partridge.

(Id. at 33-34). Petitioner also contends counsel Williams should have called Jamie Mitchell, a private investigator engaged by counsel Greene, to testify. (Aff. (DE 665) at 29-36; see Obj. (DE 632) at 33). Absent further description of such witnesses' personal knowledge of facts of the offense conduct of the instant case, however, petitioner's claim is not plausible. See Walker, 32 F.4th at 390-392 (stating "[l]ay testimony must be based on personal knowledge"; "post-hoc assessments cannot be credited as a substitute for the personal knowledge and perception required under Rule 701"; "[a] law enforcement agent should generally be proffered as an expert witness"

subject to Rule 702 requirements). In this context, petitioner has not alleged facts giving rise to an inference that but for counsel's alleged failure to call such witnesses at trial, there is a "reasonable probability . . . the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Petitioner argues the government committed prosecutorial misconduct by eliciting perjured testimony at trial, through the testimony of co-defendants Christopher Wellington Brown ("Brown"), Malik Shawn Maynard ("Maynard"), and Byron Jacobee Sparks ("Sparks"). (Obj. (DE 632) at 34; Supp. Obj. (DE 664) at 5-15; Aff. (DE 666) at 4-6). For example, he urges the court to compare accounts of these witnesses depicted in FBI reports with their trial testimony. (Supp. Obj. (DE 664) at 7-10, 15). This argument is unavailing on two levels. First, the claim is procedurally defaulted, because it was not raised on direct appeal. See Massaro, 538 U.S. at 504. Indeed, petitioner raised in detail the issue of "false testimony" based upon FBI reports and other pre-trial statements both before trial and sentencing. (E.g., DE 447-1 at 2-37; see also DE 337 at 2; DE 337-1 at 5-6; DE 354-1 at 8; DE 442 at 8).

Second, petitioner does not allege a plausible claim based upon eliciting perjured testimony. Such a claim "requires a showing of the falsity and materiality of testimony and the prosecutor's knowledge of its falsity." Basden v. Lee, 290 F.3d 602, 614 (4th Cir. 2002). Petitioner has not met "the heavy burden" of showing that Brown, Maynard, and Sparks testified falsely. United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987). While petitioner points to discrepancies between FBI reports and their testimony, "[m]ere inconsistencies in testimony by government witnesses do not establish the government's knowing use of false testimony" particularly under the circumstances of this case given the number of participants in the alleged offenses. Id. Likewise, petitioner has not alleged facts giving rise to an inference of government's

11

knowledge of falsity, where the testimony of Brown, Maynard, and Sparks was corroborated by other substantial evidence introduced at trial, including petitioner's own testimony, and where combined together "the evidence presented against [petitioner] was overwhelming," for the reasons for the reasons set forth by the Fourth Circuit on appeal. Walker, 32 F.4th at 396.

Petitioner argues that one of the prosecuting attorneys, Robert Dodson, has engaged in a "pattern of having people give false statements and perjured testimony." (Supp. Obj. (DE 664) at 16). Petitioner cites to an June 9, 2022, e-mail of the mother of co-defendant Joey Wayne Chambers ("Chambers"), stating: "Those prosecutors contacted me Dec 1st 2020 . . . They wanted me to convince [Chambers] to testify. Told me all the things they could do to help [Chambers]," but according to petitioner, "he refused." (Id.). However, this statement does not show prosecutors sought false testimony by Chambers, much less that they sought false testimony by Brown, Maynard, or Sparks. Petitioner also cites to an excerpt of the trial transcript from another case, United States v. Bennie Lee James, No. 7:20-CR-79-FL (E.D.N.C.), in which an attorney for the defendant in that case stated that a witness, Michael Tyrone Brown, "admitted that he made some statements that were false," and stated: "Law enforcement forced me to fabricate false statements pursuant to coercion, under the duress of the desire to free [his] wife, who had nothing to do with any drug activity." (Obj. (DE 664) at 16, 19-20; see Case 7:20-CR-79-FL, Tr. (DE 249) at 257, 337).[3] However, this statement by a different person in a separate drug trafficking case, regarding activities by "law enforcement" in that case, similarly lacks probative value with respect to the elements of falsity and prosecutor's knowledge as applied to the instant case.

---

[3] Michael Tyrone Brown was convicted of conspiracy to distribute cocaine base and distribution of cocaine, and sentenced to a term of 55 months imprisonment, on April 26, 2022. See United States v. Michael Tyrone Brown, 7:19-CR-199-FL (E.D.N.C.).

Additional arguments raised by petitioner in his objections are unavailing. For example, petitioner suggests, in multiple respects, that the evidence at trial was insufficient to convict him of any of the charged offenses. (Aff. (DE 665) at 2-6; 15-22, 55-56). This claim is both procedurally barred by and contradicted by the Fourth Circuit's holding on direct appeal. See Walker, 32 F.4th at 396-398. Petitioner argues that "no evidence was presented" of the type of guns used in the July 28, 2018, robbery, in support of his challenge to the § 924(c) conviction. (Aff. (DE 665) at 10). In fact, however, Brown testified petitioner gave him "[n]ine millimeters and . . . .40 caliber" guns. (Tr. (DE 468) at 125). Petitioner argues the prosecutor falsified evidence by limiting the length of video clips played to the jury. (Aff. (DE 665) at 22-26). This claim fails due to procedural default, as well as lack of cause or prejudice resulting therefrom. Massaro, 538 U.S. at 504. Petitioner suggests he can overcome procedural default due to a claim of unqualified innocence of all counts of conviction. (See, e.g., Aff. (DE 666) at 2 ("I did not rob, nor aid and abet any robbery of Kay Jewelers . . . I had no knowledge of any plans to rob Kay Jewelers.")). But, such a claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). Petitioner's own self-serving statements do not meet this requirement.

Petitioner also challenges imposition of restitution as part of his sentence, (Obj. Ex. (DE 664-1) at 3), but this claim, too is procedurally defaulted, and petitioner has not demonstrated his arguments advanced regarding restitution have merit under the circumstances of this case. For example, he cites United States v. Alphas, 785 F.3d 775, 786 (1st Cir. 2015), for the proposition that restitution is invalid where "the court included restitution for losses that may not have resulted from petitioner's fraud." (Obj. Ex. (DE 664-1) at 3). But, this is not a fraud case, and where

13

petitioner was convicted of Hobbs Act Robbery he is fully accountable, along with his co-defendants convicted of the same offenses, for the losses resulting therefrom. See 18 U.S.C. § 3663A, U.S.S.G. §§ 1B1.3, 5E1.1.

In sum, petitioner's claims fail as a matter of law and must be dismissed for failure to state a claim upon which relief can be granted.

3. Motions for Evidentiary Hearing and Discovery

Petitioner reiterates his requests for evidentiary hearing and discovery, (DE 639, 641, 644), similar to those made prior to entry of the M&R. Under the circumstances of this case, petitioner is not entitled to an evidentiary hearing because "the motion and the files and records of the case conclusively show that petitioner is entitled to no relief." United States v. Hashimi, 110 F.4th 621, 627 (4th Cir. 2024). Likewise, none of the claims asserted include factual allegations that give the court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. Therefore, petitioner's motions for evidentiary hearing and for discovery are denied.

C. Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

14

Case 2:18-cr-00037-FL Document 667 Filed 04/18/25 Page 14 of 15

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate, set aside, or correct his sentence under § 2255 (DE 590) is DENIED, and the government's motion to dismiss (DE 594) is GRANTED. Petitioner's motions for court to intervene in miscarriage of justice, for evidentiary hearing, and for appointment of counsel, (DE 639, 641, 644), are DENIED. A certificate of appealability is denied. The clerk is DIRECTED to close this case.

SO ORDERED, this the 18th day of April, 2025.

LOUISE W. FLANAGAN
United States District Judge